Alan HUMPHREY, Appellant,

v.

**PHARM CHEMICAL LABORATORY, et al., Appellees.**

No. 04–5034.

United States Court of Appeals, District of Columbia Circuit.

June 18, 2004.

Alan Humphrey, Covington, KY, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Defendants–Appellees.

Before EDWARDS, SENTELLE, and RANDOLPH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and motion for appointment of counsel filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed January 13, 2004, be affirmed. The district court correctly concluded that appellant's claims against PharmChemical Laboratories, the Director of the Administrative Office of the United States Courts, the Secretary of Health and Human Services, and the Department of Justice were barred by the doctrine of res judicata, because appellant had previously unsuccessfully litigated nearly identical claims against those parties in *Humphrey v. DOJ,* No. 01–0683 (D.D.C. Mar. 28, 2001), *aff'd* No. 01–5121, 2001 WL 936247 (D.C.Cir. July 24, 2001). *See Drake v. FAA,* 291 F.3d 59, 66 (D.C.Cir.2002) ("a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action") (internal quotation marks omitted). To the extent appellant asserts claims against the United States Probation Department, those claims are likewise barred by res judicata, since he previously litigated substantially the same claims against that party in an action in the Eastern District of Kentucky, *see Humphrey v.*

*United States Probation Dep't,* No. 95–CV–17 (E.D.Ky.1999), *aff'd* No. 99–5252, 2000 WL 876773 (6th Cir. June 23, 2000). Moreover, to the extent appellant asserts claims for damages against probation officers acting in their individual capacities, those claims are precluded because the underlying issues were actually litigated and decided adversely to him in appellant's prior Kentucky lawsuit. *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Finally, although appellant asserts he intended to file his complaint in the Superior Court of the District of Columbia, but that it was erroneously filed in district court, appellant was not prejudiced by the filing in district court because the Superior Court would apply the same preclusion principles that ultimately barred his complaint in district court. *See Heck v. Humphrey,* 512 U.S. 477, 488 n. 9, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (state courts must apply federal law to determine preclusive effect of federal court judgment). It is

**FURTHER ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.